**In re Appointment of Elizabeth RODRI-GUEZ as a Constable in the Borough of Fountain Hill Lehigh County, Pennsylvania.**

**Appeal of Elizabeth Rodriguez.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2001.

Decided Jan. 7, 2002.

Reargument Denied Feb. 28, 2002.

Joseph P. Maher, Allentown, for appellant.

Steven M. Luksa, Allentown, for appellee.

Before McGINLEY, Judge, FRIEDMAN, Judge, and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge

Elizabeth Rodriguez appeals from the May 17, 2000 order of the Court of Common Pleas of Lehigh County (trial court) denying her Petition for Appointment as Constable in the Borough of Fountain Hill (Petition). We affirm.

■ The constable position in Fountain Hill had been vacant for approximately five years, (R.R. at 17a), when, on January 10, 2000, Rodriguez filed her Petition, along with the "requisite list of qualified electors"[1] who reside in Fountain Hill. (Trial ct. op. at 2; R.R. at 3a–5a.) On April 3, 2000, the trial court held a hearing pursuant to section 1 of the Act of March 20, 1929, P.L. 32(Act), 13 P.S. § 11, to evaluate the Petition and Rodriguez's prospective appointment. Section 1 of the Act provides:

> Whenever a vacancy may occur in the office of constable in any borough ... by reason of failure to elect, failure to qualify, incompetency, death, resignation, removal, or for any other cause, it shall be the duty of the court of quarter sessions[2] of the peace of the county in which such borough ... may lie, upon petition of not less than ten qualified electors residing in such borough ... to appoint a *suitable person*, who, upon being *qualified as required by law*, shall serve as the constable thereof for the unexpired term so vacant.

13 P.S. § 11. (Emphasis added.)

At the hearing, Rodriguez testified on her own behalf in support of the Petition.

Describing her qualifications, Rodriguez stated that she has a General Equivalency Diploma, is certified to carry a lethal weapon, has received terroristic/chemical threats training and diversity training, currently works as a security specialist at a local amusement park, is fluent in Spanish and has never been convicted of a crime. Rodriguez also admitted that she has lived in the City of Allentown for the past fourteen years and has no plans to move to Fountain Hill. She applied for the Fountain Hill constable position because it was vacant and Fountain Hill is close to her home. (Trial ct. op. at 2.)

The District Attorney's Office of Lehigh County (District Attorney) appeared on behalf of the Commonwealth in opposition to the Petition. The District Attorney maintained that, because residence in the borough to be served is a common law requirement for appointment as a constable,[3] Rodriguez, as a non-resident of Fountain Hill, is not a "suitable person" and she is not "qualified as required by law" under section 1 of the Act. 13 P.S. § 11. (Trial ct. op. at 2.) The trial court agreed and denied Rodriguez's Petition.

Thus, the question here is whether the common law residency requirement still applies, or whether, as Rodriguez argues, the lack of a residency requirement in section 1 of the Act means that this former requirement no longer exists, so that now a prospective appointee need only be "suitable" and "qualified as required by law."

---

1. No party challenged the validity of the electors' signatures.

2. In 1969, by constitutional amendment, the Courts of Quarter Sessions and Common Pleas were consolidated into one trial court known as the Court of Common Pleas. *In re Private Road, Cogan Township, Lycoming County*, 684 A.2d 237 (Pa.Cmwlth.1996).

3. Although section 1 of the Act is silent as to the residency requirements for appointment

as a constable, there was a residency requirement at common law. The most recent cases, from around the turn of the century, show that a constable was required to be a resident of the ward or borough in which he or she was appointed or elected. *See In re Fourth Ward Constable*, 20 Pa. D. 426 (1910); *In re Plymouth Borough Constable*, 12 Pa. D. 188 (1902).

In resolving this issue, we must presume that the common law, as developed and refined by the courts, governs. The common law rule is altered or abrogated only if the legislature specifically requires such a result:

> Even though the expression of an act is in general terms, only such modification will be recognized as the statute clearly and definitely prescribes. In the absence of express declaration, the law presumes that the act did not intend to make any change in the common law, for if the legislature had that design they would have expressed it.

*Buradus v. General Cement Products Co.,* 356 Pa. 349, 349, 52 A.2d 205, 208 (1947). Thus, even where the statute appears to differ from the common law rule, "a change from the common law cannot be presumed; it must appear to have been meant, or it will be held not to have been made." *Central Lithograph Company v. Eatmor Chocolate Company,* 316 Pa. 300, 309, 175 A. 697, 701 (1934) (quoting *Jessup & Moore Paper Company v. Bryant Paper Company,* 283 Pa. 434, 442, 129 A. 559, 562 (1925)).

Here, according to common law, a prospective appointee to the position of constable must be a resident of the borough in which he or she will serve. *See In re Fourth Ward Constable,* 20 Pa. D. 426 (1910); *In re Plymouth Borough Constable,* 12 Pa. D. 188 (1902). Section 1 of the Act does not expressly eliminate this requirement; instead, section 1 of the Act simply fails to include a residency requirement. This court cannot presume that because there is no residency requirement indicated in section 1 of the Act, the requirement no longer exists. *See Central Lithograph Company.* Rather, absent a clear and definitive intent by the legislature to modify existing common law, the court must recognize the common law requirement that a constable reside in the borough in which he or she is appointed. *See Buradus.* Thus, Rodriguez's first argument must fail.

Rodriguez next argues that the trial court committed an error of law by rejecting her appointment as constable on the basis of the District Attorney's objection, when no residents of Fountain Hill appeared to object[4] and the District Attorney lacked standing to object. However, Rodriguez did not contest the District Attorney's participation at the hearing and did not raise the issue of standing before the trial court. Thus, Rodriguez has waived the issue. Pa. R.A.P. 302(a). Moreover, even without any objection to the Petition, the trial court had the duty to evaluate Rodriguez's Petition pursuant to section 1 of the Act. The trial court did this and properly denied Rodriguez's Petition as a matter of law.

Accordingly, we affirm.

### ORDER

AND NOW, this 7th day of January, 2002, the order of the Court of Common Pleas of Lehigh County, dated May 17, 2000, is hereby affirmed.

---

**4.** At the April 3, 2000 hearing, Rodriguez testified that she posted notices of the hearing around Fountain Hill. (R.R. at 21a, 22a.) She also filed an affidavit of posting. (R.R. at 8a.)